UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSCAN SYSTEMS, INC., <br><br> Plaintiff and Counterclaim-Defendant, <br><br> v. <br><br> COGNEX CORPORATION, <br><br> Defendant and Counterclaim-Plaintiff, <br><br> and <br><br> COGNEX TECHNOLOGY AND INVESTMENT CORPORATION, <br><br> Counterclaim-Plaintiff. | No. 08-CV-833-RSM <br><br> **STIPULATED PROTECTIVE ORDER** |

    THIS MATTER having been brought before the Court on the application of Davis Wright Tremaine LLP, attorneys for plaintiff/counterclaim defendant Microscan Systems, Inc. ("Microscan") and Riddell Williams P.S. and Cesari and McKenna, LLP, attorneys for defendant/counterclaim plaintiff Cognex Corporation and counterclaim plaintiff Cognex Technology and Investment Corporation (collectively "Cognex"), for the entry of a Stipulated Protective Order ("Order") concerning the confidentiality of certain documents, testimony, interrogatory answers and other information that have been or may be sought, produced or

made available by Microscan or Cognex in this action (referred to herein as the "Litigation") that contain or otherwise disclose the parties' proprietary information or other kinds of confidential information and/or trade secrets; and

WHEREAS the parties believe that this Litigation may require the disclosure of documentary and/or testimonial information that constitutes trade secrets or other confidential research, development or commercial information. The parties respectfully submit that such confidential information is properly the subject of a protective order in that the disclosure of any such information or material to third parties will prejudice the parties' ability to conduct their business successfully; and

WHEREAS, the parties agree that, pursuant to Fed.R.Civ. P. 26(c), an Order preserving the confidentiality of certain information should be executed; and for good cause shown;

IT IS ORDERED, as follows:

1. This Order shall be applicable to and govern all depositions, documents, information or things produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken under the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence and other information which the disclosing party designates as "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" hereafter furnished, directly or indirectly, by or on behalf of any party or any non-party in connection with this action. As used herein, "disclosing party" shall refer to the parties to this action or to non-parties who give testimony or produce documents or other information.

2. The following information may be designated as "CONFIDENTIAL MATERIAL": any information that the disclosing party has not been made public or as to which the disclosing party has taken reasonable measures to keep confidential, the disclosure of which the disclosing party reasonably and in good faith contends could cause harm to the business operations of the disclosing party or provide improper advantage to others, including, but not limited to, trade secrets. CONFIDENTIAL MATERIAL also includes non-public or private information, such as (without limitation) personnel records.

3. The following information may be designated as "ATTORNEYS ONLY MATERIAL": CONFIDENTIAL MATERIAL that is technical, commercial, financial, or marketing in nature and that the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure to an employee of a receiving party would reveal significant business or financial advantages of the disclosing party.

4. The following information may be designated as "OUTSIDE COUNSEL ONLY - SOURCE CODE": CONFIDENTIAL MATERIAL that is source code, object code, or similarly sensitive code, comments for code, revision histories, or other material whose wrongful dissemination could result in significant harm to the disclosing party.

5. In designating information as "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE," a disclosing party shall make such a designation only as to material which it in good faith believes is confidential. "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" and "OUTSIDE COUNSEL ONLY - SOURCE CODE" shall be used by the parties to this Litigation solely for the purpose of conducting this Litigation, but not for any other purpose whatsoever.

6. In the absence of written permission from the disclosing party, or an order of the Court, information designated as "CONFIDENTIAL MATERIAL" shall be used solely for

the purposes of this Litigation, and may be disclosed by the parties only to the following persons:

    a.    The attorneys working on this action on behalf of any party, including in-house attorneys, paralegals, and staff, stenographic and clerical employees and contractors working under the direct supervision of such counsel;

    b.    Any Approved Expert or Approved Consultant not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 6(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work.

    c.    Employees of the named parties who work directly on this Litigation, with disclosure only to the extent necessary to perform such work; and

    d.    The Court, jury, court personnel, court reporters, and other persons connected with the Court.

7.    In the absence of written permission from the disclosing party, or an order of the Court, information designated as "ATTORNEYS ONLY MATERIAL" shall be used solely for the purposes of this Litigation, and may not be disclosed to the named parties, or any employee, officer, or director thereof, except as set forth below:

    a.    The persons set forth in paragraphs 6(a) and 6(d); and

    b.    Any Approved Expert or Approved Consultant not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 6(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work.

8.    In the absence of written permission from the disclosing party, or an order of the Court, information designated as "OUTSIDE COUNSEL ONLY - SOURCE CODE" ("Source Code Material") shall be used solely for the purposes of this Litigation, and may be

disclosed only to (i) the attorneys working on this action on behalf of any party, excluding in-house attorneys ("Outside Counsel"), (ii) paralegals, staff, stenographic and clerical employees and contractors working under the direct supervision of Outside Counsel, and (iii) any Approved Expert or Approved Consultant retained by Outside Counsel, and in strict accordance with the following procedures:

  (a) The disclosing party's Source Code Material shall be produced in computer searchable format on CD-ROM(s) or DVD(s) to Outside Counsel for the receiving party.

  (b) Except as specified below, Source Code Material may not be physically or electronically copied in any manner, unless the disclosing party specifically agrees in writing.

  (c) Outside Counsel for the receiving party shall store the disclosing party's Source Code Material only on one password-protected stand-alone computer (the "Computer") located at one office of Outside Counsel. The Computer shall not be connected to the Internet, a modem, network, or any other computer or telecommunications system or device. The Computer may, however, be attached to one standalone printer. Notwithstanding the foregoing, the parties may in the future agree to allow access to Source Code Material in a manner that would facilitate access to same by Approved Experts and Approved Consultants.

  (d) After storing the contents of the CD-ROM(s) or DVD(s) on the Computer, the Outside Counsel for the receiving party shall store the CD-ROMs on which the Source Code Material was originally produced in a locked cabinet accessible only by Outside Counsel. Outside Counsel for the receiving party shall not make any additional copies of the CD-ROMs. Outside Counsel for the receiving party shall return the CD-ROM(s) or DVD(s) to the Outside Counsel for the disclosing party at the conclusion of this action, and permanently

delete the disclosing party's Source Code Material from the Computer. Without limiting the generality of the foregoing requirement of deletion, the Computer's hard drive shall be reformatted to remove all permanent or temporary files reflecting the disclosing party's Source Code Material or any aspect thereof and any other temporary or permanent storage locations or media shall be permanently cleared in a similar fashion. Outside Counsel for the receiving party shall provide notice to Outside Counsel for the disclosing party when such deletion has been completed.

(e) The only persons allowed to view the disclosing party's Source Code Material are Outside Counsel for the receiving party and its Approved Experts and Approved Consultants.

(f) Logs in each office set forth in sub-paragraph (c) must be filled out by Outside Counsel for the receiving party or any Approved Expert or Approved Consultant for the receiving party, which identifies each instance that the disclosing party's software code is viewed, including the names of viewing persons and the dates and times of viewing ("Viewing Logs"). The Viewing Logs shall be produced to Outside Counsel for the disclosing party by order of the Court during the course of the litigation, after a motion and showing of good cause by the disclosing party, if a dispute arises concerning the receiving party's compliance with the provisions of this paragraph or any other provision of this Protective Order.

(g) If, during any analysis or review of the disclosing party's Source Code Material, Outside Counsel for the receiving party or an Approved Expert or Approved Consultant for the receiving party shall make notes or memoranda containing any verbatim portions of the disclosing party's Source Code, such notes or memoranda shall be considered

"OUTSIDE COUNSEL ONLY - SOURCE CODE" Material subject to the terms of this Protective Order. No such notes shall include verbatim copies of substantial portions of the Source Code Material and any notes or memoranda made during any analysis or review of the disclosing party's Source Code Material shall be destroyed at the conclusion of this action.

(h) Portions of the disclosing party's Source Code Material that relate to issues in this action may be printed from the Computer only to the extent necessary for incorporation into expert reports or Court filings. Any such printouts shall be considered "OUTSIDE COUNSEL ONLY - SOURCE CODE" Material subject to the terms of this Protective Order. The receiving party and its representatives shall not print out the disclosing party's Source Code Material for any given product or version in its entirety, unless by prior agreement of the parties or Court order. Any printouts of the disclosing party's Source Code Material shall be memorialized in a log ("Printing Log") identifying the date on which portions of the code were printed and listing the number of pages printed and the page or Bates numbers for each printed page. The Printing Logs shall be produced for *in camera* review by order of the Court during the course of this litigation, after a motion and showing of good cause by the disclosing party, if a dispute arises concerning the receiving party's compliance with the provisions of this paragraph or any other provision of this Protective Order. All printouts of the disclosing party's Source Code Material (except for copies filed in connection with sealed Court filings, trial exhibits or demonstratives) shall be destroyed at the conclusion of the litigation and Outside Counsel for the receiving party shall provide Outside Counsel for the disclosing party with confirmation of same.

9. To qualify as an Approved Expert or an Approved Consultant, the party proposing to provide "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" to such expert or consultant shall provide the disclosing party with: (i) a current curriculum vitae for the expert or consultant, which shall include a description of past and present employers by whom the expert or consultant has been employed and (subject to the second sentence of this paragraph) persons or entities by whom the expert or consultant has been engaged in any consulting or expert engagements within the last five (5) years, as well as a general description of the nature of such engagements, and (ii) a copy of a completed and signed ACKNOWLEDGEMENT in the form attached hereto as Exhibit A. If an expert or consultant is precluded by virtue of a non-disclosure agreement from disclosing either the existence or nature of any such engagement or the identity of the entity for which the services were or are being performed, then the expert or consultant shall state that certain information is being withheld on that basis and may supplement his or her disclosure with such additional information as he or she believes would be helpful to the parties and the Court in determining whether any undisclosed consulting relationship would create a genuine likelihood that the expert or consultant would, in the course of any such undisclosed engagement, use or disclose information designated as "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" for purposes other than this Litigation.

(a) Within five (5) business days after the other party's receipt of the information and signed ACKNOWLEDGMENT described above from the party seeking approval, the other party may object in writing to the proposed expert or consultant if facts available to that party show that there is a reasonable likelihood that the proposed expert or consultant will use

or disclose information designated as "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" for purposes other than this Litigation or if the expert or consultant states that he or she is unable to disclose information concerning other engagements due to a non-disclosure agreement. The written objection shall set forth the specific factual basis for the objection. Failure to object in writing to a proposed expert or consultant within five (5) business days shall be deemed approval, but shall not preclude a party from objecting to continued access to material designated as "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" by that expert or consultant where facts subsequently learned by the party or its counsel suggesting that such a basis for objection exist.

(b) If the other party so objects, the parties shall meet and confer in good faith in an attempt to resolve their dispute without resort to the Court. If the parties' dispute remains unresolved as of five (5) business days following the objecting party's communication of its objection, then the party seeking to make or continue disclosure to such consultant may seek a ruling from the Court at to the merits of the other party's objection. Pending a ruling by the Court, the proposed consultant shall not have access to material or information designated by the objecting party as "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" unless such access has been previously approved.

(c) In the event the Court finds it necessary to retain an expert to assist it in resolving a dispute regarding a consultant's right to have access to material or information designated as "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE

COUNSEL ONLY - SOURCE CODE," the parties shall share equally in the fees of any such court-retained expert.

10. A list shall be maintained by counsel for the parties hereto of the names of all persons (except for counsel and their support personnel) to whom "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" is disclosed, or to whom the information contained therein is disclosed, and such list shall be available for inspection by the Court and opposing counsel upon request. At the time of the termination of this lawsuit by settlement, final judgment or otherwise, the parties shall provide opposing counsel with a copy of the pertinent aforementioned lists. The persons receiving as "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" are enjoined from disclosing that material to any other person, except in conformance with this Order.

11. Each individual who receives any as "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

12. Notwithstanding any other provisions of this Order, under no circumstances shall either party disclose any "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" of the other party to any person who is involved in the preparation or prosecution of any patent applications which encompass the technology described or referenced in whole or in part in any of the patents-in-suit and in any continuations, continuations in part, reissues or divisionals that derive therefrom, or in claim drafting or amendments in connection with reexamination proceedings for the patents-in-suit or for any continuation, continuation in part, reissue, or divisional patents that derive

therefrom. However, disclosure shall be permitted to persons who merely assist or participate in responding to Patent Office rejections, if any, issued during such reexaminations, if any, provided they comply with the restrictions in the previous sentence.

13. The recipient of any "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information. "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this lawsuit. All such copies, reproductions, summarizations, extractions, and abstractions shall be subject to the terms of the Order, and labeled in the same manner as the designated material on which they are based.

14. Disclosing parties shall designate "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" as follows:

a. In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made by placing the following legend on every page of any such document before production: "CONFIDENTIAL," "CONFIDENTIAL MATERIAL," "ATTORNEYS' EYES ONLY" or "ATTORNEYS ONLY MATERIAL," or "OUTSIDE COUNSEL ONLY - SOURCE CODE." In the event that a party or non-party inadvertently fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL MATERIAL,"

"ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" at the time of its production, that party or non-party may at any time thereafter stamp or otherwise designate the document or other information as "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE." Such document or other information shall be treated as designated beginning at the time such designation occurs.

      b. In the case of depositions, designation of the portion of the transcript (including exhibits) which contains "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, by counsel for the party or non-party to whose "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" the deponent has had access, which counsel shall designate within thirty (30) days after counsel's receipt of the transcript. During those thirty days, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL MATERIAL," unless counsel during the deposition states that the information is "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" in which case that portion of the deposition designated as "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" shall carry that designation for the thirty-day period.

      c. Any "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" produced in a non-paper media (e.g., videotape, audiotape, computer disk, etc.) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" and producing this material in a sealed envelope. In the event a receiving party generates any electronic copy, "hard copy," transcription, or printout from any such designated non-paper media, such

party must treat each copy, transcription, or printout as designated and label it in a manner effective to ensure proper treatment.

15. A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party or non-party written notice of and the basis for its disagreement with the designation. The parties (and any non-party involved) shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court, but in any event, such relief from the Court shall not be requested before ten (10) days after the producing party or non-party is served with said written notice. However, in the event of a dispute about the propriety of a designation that arises in connection with the denial of a motion to seal (see paragraphs 15 and 16 below), the party challenging the designation may request an immediate telephonic motion under Local Rule 7(i) to resolve the matter. The burden of proving that information has been properly designated as "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" is on the party or non-party making such designation.

16. Documents containing "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" shall not be filed with the Court unless it is necessary to do so for purposes of trial, motions, or other Court matters. The parties shall take all reasonable steps to file documents containing "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" under seal under FRCP 26(c)(7) and Local Rule 5(g).

17. If a party wishes to use "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" to support or oppose a motion or at trial, the following provisions shall apply:

  a. The party submitting the "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" in a filing with the Court (whether in pleadings, declarations, exhibits, or otherwise) will, prior to or contemporaneously with such filing, also file a redacted version of that filing which redacts the "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE."

  b. The party submitting the material shall submit to the Court a motion to seal pursuant to Local Rule 5(g)(3) prior to or contemporaneous with the filing of the "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" and shall adhere to all requirements in Local Rule 5(g)(4) for filing such material under seal.

  c. If the disclosing party or non-party is not the party filing the motion to seal, then the disclosing party or non-party shall make the showing required by Local Rule 5(g) in its response to the motion.

  d. Any motion to seal filed under any subsection of this paragraph 15 shall be noted for consideration not less than fifteen (15) judicial days after filing. The Clerk of the Court shall maintain the "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" under seal until the Court rules on the motion to seal, subject to the provisions of the following paragraph.

18. In the event the Court denies a motion to seal "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE," the Clerk of the Court shall leave the documents under seal for a period of two (2) judicial days after the date of the Court's denial of the motion to seal. If the filing

party initially designated the information "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE," then within that two (2) day period, the filing party may, at its option, file replacement documents that do not contain "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" in which case the documents initially filed under seal shall be returned to the filing party and not be considered by the Court. If the filing party does not file replacement documents within the time period prescribed by this paragraph, the material shall be filed unsealed in the Court file.

19. The Clerk of the Court is directed to maintain under seal all documents and all transcripts of deposition testimony filed with this Court in this Litigation by any party which are designated as "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE," including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such information, **PROVIDED** that such documents are ordered sealed by the Court. A complete, unredacted set of documents subject to a motion to seal shall be provided by the filing party to opposing counsel the same day the documents are filed.

20. In the event that any information designated as "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" is used in any court proceeding in connection with this litigation, it shall not lose its "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use. Prior to disclosure at trial or a hearing of materials or information designated "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE," the parties may seek further protections against public disclosure from the Court.

21. If "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" is disclosed to any person other than in the manner authorized by this Order, the person or party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the designating party or non-party and, without prejudice to any other rights and remedies of the parties or non-parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

22. Nothing in this Order shall preclude any party to the lawsuit or their attorneys (a) from showing a document designated as "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" to an individual who either prepared the document or is identified on the face of the document as an addressee or copy addressee, or (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE."

23. In the event any receiving party having possession, custody or control of any "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" receives a subpoena, request for production of documents, or other process or order to produce such information in another, unrelated legal proceeding, from a non-party to this action, such receiving party shall, in writing and within three (3) business days, notify counsel for the producing party or non-party of the subpoena, request for production of documents, or other process or order, furnish counsel for the producing party or non-party with a copy of said subpoena, request for production of documents, or other process or order, and cooperate with respect to all reasonable procedures sought to be pursued by the producing party or non-party whose interests may be affected. The producing party or non-party asserting the "CONFIDENTIAL MATERIAL,"

"ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" treatment shall have the burden of defending against such subpoena, process or order. The party receiving the subpoena, request for production of documents, or other process or order shall be entitled to comply with it except to the extent the producing party or non-party asserting the "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" treatment is successful in obtaining an order modifying or quashing the subpoena, request for production of documents, or other process or order.

24. The inadvertent production in the course of discovery in this action of any document or information (whether designated as confidential or not) shall not be deemed to waive whatever attorney-client privilege, work product protection or other privilege or immunity that would otherwise attach to the document or information produced or to other documents or information, as long as the producing party or non-party, promptly after discovery, notifies the other party or parties of the claim of privilege or other protection or immunity. Upon such notice, the other party or parties shall promptly destroy all copies of the documents or information referred to and notify the producing party or non-party that it has done so. Such destruction and notice shall not constitute an acknowledgment that the claimed document or information is in fact privileged or entitled to protection or immunity.

25. Within sixty (60) days of the termination of litigation between the parties, all "CONFIDENTIAL MATERIAL," "ATTORNEYS ONLY MATERIAL" or "OUTSIDE COUNSEL ONLY - SOURCE CODE" and all copies thereof shall be returned to the party or non-party that produced it or shall be destroyed. If destroyed, counsel shall certify the destruction and provide a copy of the certification to the producing party or non-party. Counsel for each party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence and work product.

26. Except as specifically provided herein, the terms, conditions, and limitations of this Order shall survive the termination of this action.

27. This Protective Order is without prejudice to the right of any party or non-party to seek relief from the Court, from any of the provisions contained herein.

28. This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing material called for, and access to such material shall be only as provided by the discovery rules and other applicable law.

IT IS SO ORDERED this 27th day of March, 2009.


_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

Stipulated to and presented by:

CESARI and MCKENNA, LLP

By /s/ Thomas C. O'Konski
Thomas C. O'Konski (Admitted Pro Hac Vice)
Kevin Gannon (Admitted Pro Hac Vice)
88 Black Falcon Avenue
Boston, MA 02210
Tel: (617) 951-2500
Fax: (617) 951-3927
tok@c-m.com
ktg@c-m.com

-and-

RIDDELL WILLIAMS P.S.

By /s/ Karl J. Quackenbush
Karl J. Quackenbush, WSBA # 9602
Gavin Skok, WSBA # 29766
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
Tel: (206) 624-3600
Fax: (206) 389-1708
kquackenbush@riddellwilliams.com
gskok@riddellwilliams.com

Attorneys for Cognex Corporation and
Cognex Technology and Investment Corporation


DAVIS WRIGHT TREMAINE LLP


By /s/ F. Ross Boundy
F. Ross Boundy
George C. Rondeau Jr.
Stuart R. Dunwoody
1201 Third Avenue, Suite 2200
Seattle, WA 98101-1688
Tel: (206) 757-8201
Fax: (206) 757-7700
rossboundy@dwt.com
georgerondeau@dwt.com
stuartdunwoody@dwt.com

Attorneys for Microscan Systems, Inc.